434 P.2d 525

**Harold L. RILEY, Helen L. Riley, Appellants,**

**v.**

**Douglas E. BOYLE, Maureen B. Boyle, Appellees.**

**No. 2 CA–CIV 289.**

Court of Appeals of Arizona.

Dec. 1, 1967.

---

1. The verdict was signed by ten jurors.

524

Anthony B. Ching, Tucson, for appellants.

Miller & Pitt, by Richard L. McAnally, Tucson, for appellees.

JOHN A. McGUIRE, Superior Court Judge.

This is an action brought by the plaintiffs and appellants against the defendants and appellees for an injunction and other relief by reason of alleged violation of building restrictions in the Westridge Estates, a subdivision in Pima County, by the defendants. Both plaintiffs and defendants are lot owners in this subdivision, a high-class residential district.

The plat of Westridge Estates was filed on May 27, 1960 and the following day the owners of the land recorded certain restrictions for the estate, which, it is conceded, had been amended once by an amendment not pertaining to a restriction involved in this case.

It is further alleged that the defendants started the construction of a dwelling house on Lot 46 that violated Restriction No. 6:

"No dwelling constructed on any lot shall be two stories above the street level."

And Restriction No. 15 which provided:

"Any dwelling erected on lots of this subdivision shall be constructed of bonded or clay brick and/or burnt adobe brick. Exterior wood or stone shall be used only as trim."

Restriction No. 17 provides for the granting of injunctive and other relief.

Restriction No. 19 is as follows:

"The owner or owners of 51% of the lots in this subdivision shall have the right to amend or change these conditions, reservations and restrictions for the beneficial improvement and interest of WESTRIDGE ESTATES."

The complaint filed June 15, 1965 further alleges that the plaintiffs had given notice of violation as provided for in the restrictions to the defendants regarding the con-

struction of the building but the defendants insisted on going ahead.

The defendants in their amended answer deny the construction was in violation of restriction, and raised a question of the amendment of the restrictions by 51 per cent of the lot owners on May 25, 1965, and also set forth that there had been numerous violations of restrictions in the subdivision and that, therefore, these particular restrictions should not be enforced against them.

The court by its findings as originally made, found that the amendments of May 25, 1965 permitted the construction of the residence as contemplated by them, and then went on to say:

"Having found as above, it is not necessary for the Court to pass upon the questions involved had such amendment not been applicable to the construction of the residence contemplated and started by Defendants."

Apparently these findings were prepared by the judge himself. Subsequently more extensive findings were prepared by the attorney for the plaintiff and signed by the court. However, these findings do not include any finding for or against any of the defenses except the finding of the validity of the amendment of May 25, 1965 and that the proposed structure was not in violation of the restrictions as amended. The court thereupon entered judgment in favor of the defendants. Motion for new trial was denied and appeal taken.

The sole question before this court is whether the amendment of May 25, 1965 is valid because if it is, the judgment of the lower court must be affirmed. On the other hand, if this amendment is invalid, then this case must be remanded for appropriate action.

The amendment signed by at least 51 per cent of the lot owners provides as follows. The owners

"DO HEREBY DECLARE a change in paragraphs 6, 15 and 17 of the Restrictions referred to above.

Par. 6 of restrictions recorded in Book 1616, page 586, shall not apply to lot #46.

Par. 15 shall be deleted and a new paragraph 15 substituted to read as follows. '15. Any dwelling erected on lots of this Subdivision shall be constructed of bonded or clay brick, burnt adobe and/or concrete or pumice block. If concrete or pumice block is used then it must be stuccoed. Exterior wood or stone shall be used only as trim.'

Par. 17 Insert after the word 'lots', 'except lot number 46'.

This amendment is being made by the authority of Paragraph 19 of the restrictions."

The plaintiffs concede the validity of the amendment to paragraph 15 and that matter is no longer before the court, but plaintiffs strenuously deny that the amendment has any validity insofar as it attempts to change paragraphs 6 and 17 by excepting one lot therefrom.

Only one case dealing with the precise question herein involved has been cited to the court. That is the case of Cowherd Development Company v. Littick, 361 Mo. 1001, 238 S.W.2d 346 (1951). It held that a majority of the owners of the lots could exercise the power of extending the restrictions for an additional period of 25 years either as to all of the lots or as to none of the lots but could not keep the restrictions in force as to some lots but not as to others.

The comment is made in the notes of 4 A.L.R.3d 582:

"It would appear that any action taken by property owners to alter, extend, or revoke existing restrictions must apply to all of the properties which are subject to them. In one case the court held invalid an attempt to retain restrictions as to part of a subdivision while releasing them as to another part."

This court is satisfied that this is a sound principle. It is to be noted that in the subdivision in question in this case there was no attempt at zoning or imposing one set of

restrictions on a part of the subdivision and another set on another part.

■ Paragraph 19 of the restrictions, as stated above, gives the power to 51 per cent of the lot owners to change completely the restrictions applicable to the entire subdivision but it does *not* give the power to change the restrictions as to one or more but less than all the lots. The restrictions imposed pertain to *all* lots in the subdivision and a fair construction of the words permitting amendments indicate that the power to amend is only as to restrictions for all lots in the subdivision.

Taking these words to mean that particular lots could be excepted permits the obviously unintended result that 51 per cent of the owners could exempt their own property and leave the other 49 per cent encumbered or could even impose more strict restrictions upon certain lots. Certainly such an interpretation could easily result in a patchwork quilt of different restrictions according to the views of various groups of 51 per cent and completely upset the orderly plan of the subdivision.

■ The finding by the trial court that the particular amendment in this case was "for the beneficial improvement and interests of Westbridge Estates" does not invalidate such an attempted amendment.

■ The rights of the parties are contractual and each owner has a right to have all restrictions enforced against all lots unless the restriction is changed as to the entire subdivision by the action of 51 per cent of the owners.

■ We hold that the purported amendment attempting to exempt Lot 46 from the restrictions is null and void. The trial court found that the construction was in violation of Restriction No. 6 as it originally existed.

As the trial court erroneously held the amendment valid it made no finding as to the affirmative defenses set forth in the answer and described in the pretrial order as:

"2. Has there been a waiver of the subdivision restrictions by other persons building houses in violation of the restrictions?

"3. Had the subdivision restrictions been abandoned by the residents of the subdivision?"

This phase of the case has not been discussed in the briefs of the parties and this court will not examine the transcript and make an original finding. The case must go back to the trial court for trial and finding on these issues.

The plaintiffs prayed for reasonable damages and reasonable attorney's fees, as well as for general relief. Restriction No. 17 provides that in a suit for injunctive relief

"* * * the court may grant the plaintiff in such action reasonable expenses in the prosecuting of such suit, and such expenses may include attorney's fees."

This matter likewise was not briefed and remains within the discretion of the trial court.

It is therefore ordered that the judgment of the Superior Court of Pima County and the order denying new trial are reversed and the case is remanded for new trial upon the issues set forth above and for all further proceedings in accordance with the rules set forth in this opinion.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.